IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

STEVEN R. MILLER,

Plaintiff,

vs.

ALBERT NAJERA, et al.,

Defendants.

_____________________________________/

CASE No. 1:12-cv-01288-AWI-MJS (PC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 8)

Plaintiff Steven R. Miller, a federal prisoner proceeding pro se filed this civil rights action on July 30, 2012 pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (ECF No. 1.) On September 6, 2012, he filed a motion to appoint counsel (ECF No. 8), which is now before the Court.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 Fed. Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 Fed. Appx. 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The Court has yet to screen the Complaint. The extent to which Plaintiff's Eighth and Fourteenth Amendment claims might present novel or complex issues, or require extensive investigation and discovery remains unclear.

The record in this case including the operative Complaint demonstrates sufficient writing ability and legal knowledge to articulate the claim asserted. The Court does not find that at present, the 22 year old Plaintiff can not adequately articulate his claims.

Additionally, it is not apparent on the record that Plaintiff's ongoing efforts to

secure counsel will be unsuccessful.[1]

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 8) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: September 7, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).