UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. MILLER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALBERT NAJERA, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE No. 1:12-cv-01288-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR (1) RECONSIDERATION OF DENIAL OF IN FORMA PAUPERIS STATUS (2) IN FORMA PAUPERIS STATUS<br><br>(ECF Nos. 12, 13) |

I.   **PROCEDURAL BACKGROUND**

Plaintiff Steven R. Miller is a federal prisoner proceeding pro se in this civil rights action filed on July 30, 2012 pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (ECF No. 1.)

Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2.) However, on August 13, 2012, prior to action on his IFP Motion, a relative of Plaintiff paid the filing fee in full. Accordingly, the Court denied the IFP Motion as moot on March 29, 2013. (ECF No. 11.)

Pending before the Court are Plaintiff's Motions filed April 26, 2013 for (1) Reconsideration of the March 29th Order Denying the IFP Motion (ECF No. 12), (2) IFP

status. (ECF No. 13.)

## II. ARGUMENT

Plaintiff claims: his grandmother paid the fee without his knowledge; his financial situation has changed and he now earns $30/month at his prison job rather than the initial $5.25/$10.50; he also receives $30/month from his grandparents; and, denial of IFP prejudicially deprives him of marshal's service of process and the opportunity for appointed counsel.

Plaintiff again motions for IFP status under 28 U.S.C. § 1915 based upon his updated indigency.

Plaintiff also asserts he requires the assistance of counsel to prosecute this action.

## III. ANALYSIS

### A. MOTION FOR RECONSIDERATION

#### 1. Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the

[c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

### 2. No Basis for Reconsideration re IFP

Plaintiff moves to proceed as an indigent notwithstanding that the filing fee for this action has been paid in full.

Plaintiff cites no authority supporting a right to IFP status following payment of the Court's filing fee. Plaintiff has no right to proceed IFP. Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984). This is so regardless of whether Plaintiff was aware his family member would pay the filing fee and his financial position would improve.

Plaintiff provides no basis for reconsideration of his IFP status. He cites to no error, newly discovered evidence, or other grounds supporting reconsideration regarding his IFP status.

### 3. No Basis for Reconsideration re Appointment of Counsel

Plaintiff's Motion for Reconsideration also fails to the extent construed as seeking reconsideration of the Court's September 7, 2012 Order denying his Motion for appointment of Counsel. The Court denied the Motion on grounds Plaintiff failed to show the requisite exceptional circumstances. (ECF No. 9.) Nothing before the Court constitutes grounds to reconsider the September 7th Order. The instant arguments for appointment of counsel were previously considered and rejected by the Court.

It remains that Plaintiff does not have a right to appointed counsel in this case. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998); 28 U.S.C. § 1915(e)(1).

Plaintiff cites to no error, newly discovered evidence, or other grounds supporting reconsideration regarding appointment of counsel.

### B. **MOTION TO PROCEED IFP**

Plaintiff's further Motion for IFP status (ECF No. 13) shall be denied, without prejudice, for the reasons stated above

IV. **ORDER**

Accordingly, for the reasons stated above, it is HEREBY ORDERED that Plaintiff's Motions for (1) Reconsideration of the March 29, 2013 Order Denying the Motion to Proceed IFP (ECF No. 12), and (2) IFP status (ECF No. 13) are DENIED.

IT IS SO ORDERED.

Dated:   May 6, 2013                     /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE