UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVEN R. MILLER, Plaintiff, vs. ALBERT NAJERA, *et al.*, Defendants. | Case No. 1:12-cv-01288-RRB **DISMISSAL ORDER** |
|---|---|

Plaintiff Steven R. Miller, a Federal prisoner appearing *pro se* and *in forma puperis*, brings this action under *Bivens*[1] and the Federal Tort Claims Act[2] against numerous Defendants.[3] Miller's complaint arises out of his pre-trial and trial incarceration in the Fresno County, California, jail ("FCJ") between June 15 and December 29, 2010. Miller is currently incarcerated in the Federal Correctional Institute, Lompoc, California.

The Court screened First Amended Complaint and ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on his claims against

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] 28 U.S.C. §§ 1346(b), 2671-2680.

[3] In addition to Albert Najera, U.S. Marshal for the Eastern District of California, Miller names as Defendants the United States; Melanie Walcott, Public Defender; Katherine Hart, Court Appointed Defense Counsel; Brian W. Enos, Assistant U.S. Attorney; Margaret Mims, Fresno County Sheriff; and Does 1 through 100 in various capacities as agents of either the United States or the Fresno County Sheriff's Department.

Defendants Najera, Mims, Hill, Deputy Sheriff Does 4–6, 10–12, 13–15, and 20–22, and U.S. Marshal Does 1 and 2.[4] Plaintiff chose to file his Second Amended Complaint.[5]

## I. SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[7] Likewise, a prisoner must exhaust all administrative remedies as may be available,[8] irrespective of whether those administrative remedies provide for monetary relief.[9]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[4] Docket 17.

[5] Docket 23.

[6] 28 U.S.C. § 1915A(a).

[7] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[8] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[9] *See Booth*, 532 U.S. at 734.

relief."[10] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[12]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[13] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16]

---

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[12] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[13] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[14] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[15] *Id.*

[16] *Id.* (quoting *Twombly*, 550 U.S. at 555).

In addition to its powers in screening complaints under 28 U.S.C. § 1915A(a), a trial court may dismiss a complaint for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a claim for relief.[17]

## II. GRAVAMEN OF COMPLAINT

Miller alleges that Defendants violated his Fourth and Eighth Amendment rights and the Federal Tort Claims Act by failing to protect him from other inmates and keep him free from punishment. Miller contends that the Fresno County Sheriff's Department and its employees had a policy, custom, and practice of operating FCJ under substandard and dangerous conditions (including overcrowding and allowing violent physical and sexual attacks among inmates). The United States and its employees and agents knew of the violations, yet continued to place Federal pretrial detainees at FCJ through an "Agency Agreement" and Consent Decree. Defendants' policies and practices resulted in Miller being assigned to the same housing unit with known aggressive sexual predators, including inmate Jeffrey Braun, who was awaiting sentencing for raping Miller when he was in high school. More specifically, Miller alleges:

1. On June 15, 2010, Miller, a 19-year-old gay college student, was detained pending trial on criminal charges at FCJ. Does 1 and 2 arrested and booked Miller into FCJ.

---

[17] *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

2. Does 4 and 5 conducted the intake interview of Miller. During the interview, Miller heard Defendants make discriminatory remarks with other unknown Doe Defendants regarding Miller's sexual orientation and their plan to house Miller in the Sixth Floor E-pod, where Braun was housed, knowing Miller would face sexual abuse by other inmates.

3. Doe 6 transported Miller to the Sixth Floor E-pod and turned him over to Defendant Doe 8 to be housed on the Sixth Floor E-pod.

4. Does 1, 2, 4–6, and 8 knew of Braun's history of sexually abusing and raping Miller. Miller requested orally and in writing not to be housed near Braun. Defendants acted with deliberate indifference in placing Miller in the unit with Braun and other known sexual offenders and knew with reasonable certainty that Miller would be sexually abused and raped, and Miller was so abused and raped on a daily basis.

5. Mims watched Miller being attacked either directly or via video and failed to do anything to prevent the attacks. Other Fresno County Deputy Sheriffs also observed the attacks and failed to intervene.

6. Between June 15, 2010, and approximately October 15, 2010, Miller informed Walcott, Hart, and Does 9–11 of the abuse—yet they did nothing. Enos and Judge O'Neill were informed of the same and also failed to protect him. Miller wrote "Cop Outs" regarding the sexual abuse to the Fresno County Deputy Sheriffs working on the Sixth Floor E-pod—still nothing was done.

7. In approximately October 2010,Miller was taken to the hospital for injuries he had sustained during the attacks. A rape kit was done and Miller was informed he would

need continual medical treatment. No follow-up medical treatment was conducted and Miller continued to suffer.

8. On October 15, 2010, Does 13 and 14 moved Miller into a new housing area at FCJ referred to as the "Annex." Miller was housed in this unit until December 2010. During this period Miller continued to be a victim of physical and sexual abuse by other inmates, resulting in Miller suffering flu-like symptoms and rectal bleeding. Miller sought assistance from Does 13 and 14 who did nothing.

Notwithstanding that the United States and its employees and agents knew of Miller's abuse and owed him duty of care, they failed to protect him. Najera received periodic written reports and communications regarding the abuse that was occurring at FCJ, including that against Miller, but failed to further investigate or take any action to prevent harm to him.

Miller suffered emotional, mental, and physical injuries, including the contraction of HIV/AIDS. Miller seeks compensatory and punitive damages plus attorneys' fees and costs.

## III. ANALYSIS

### A. Caption

In his caption, which encompasses nearly five full pages, in addition to identifying himself as the Plaintiff, Miller improperly includes what appears to be an abbreviated statement of his claims. With respect to the Defendants, Miller should only include the

names without a description of the Defendant's position or function. In identifying the Defendants Miller need only include the names and, if sued in official capacity, the title.

The caption should contain only a short title of the nature of the pleading or paper, e.g., "Second Amended Complaint." It need not, nor should it, include any factual allegations concerning the nature of the claims or facts underlying the case.[18]

**B. Rule 8**

Miller's Complaint is not "a short and plain statement of the claim showing the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). Miller's Second Amended Complaint reads more like an over-length brief than a complaint. The Complaint consists of seventy-four typed pages of factual allegations, many of which are repetitive verbatim recitations of various allegations. Miller identifies the United States, the Fresno County Sheriff's Department, five state or federal individuals, and 100 "Doe" Defendants. He sets out several causes of action alleging violations of his constitutional rights, the Federal Tort Claims Act, and conspiracy.

Properly pleaded, Miller's Complaint should not exceed twenty-five (25) pages exclusive of any attachments. An amended Complaint longer than twenty-five (25) pages will be viewed with skepticism and may be rejected on that basis alone. ***Any filing that does not comply with these instructions directing a short and plain statement, or any filing that combines unrelated matters or Defendants may result in dismissal of the entire action***.

---

[18] *See generally* Fed. R. Civ. P. 10.

**C. Fresno County Sheriff's Department**

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.[19] Rather, a local government unit may only be held liable if it inflicts the injury complained of.[20]

Generally, municipal liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."[21] In limited circumstances, a plaintiff may also allege municipal liability on the basis of inadequate training or hiring practices. [22]

Miller alleges that the Fresno County Sheriff's Department had a custom, policy, and practice of failing to protect pretrial detainees. Miller incorrectly names the Fresno County Sheriff's Department as a Defendant. Miller was previously advised that the proper defendant for a municipal liability claim is the County itself—not its sub-agencies or other individuals it employs.[23] Miller's failure to correct this deficiency may be reasonably

---

[19] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691, 694 (1978); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).

[20] *Monell*, 436 U.S. at 694; *Gibson*, 290 F.3d at 1185.

[21] *Monell*, 436 U.S. at 694; *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007).

[22] *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-91(1989) (inadequate training shown "only where the failure to train amounts to deliberate indifference" and that deliberate indifference was the moving force of the violation); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 412 (1997) (deliberately indifferent hiring of an employee only where the individual "was highly likely to inflict the *particular* injury suffered by the plaintiff").

[23] *See Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983

construed as a refusal to do so. Therefore, leave to amend again in this respect will be denied.

**D. Plaintiff's Attorneys**

Miller also names his Federal Public Defender and his court appointed attorney Katherine Hart as Defendants. Public defenders are not acting under the color of state law for § 1983 purposes when acting in the role of an advocate on behalf of the client.[24]

Although it is unlikely that Miller may truthfully plead facts sufficient to warrant the granting of relief against his attorneys, the Court will grant him leave to amend. If Miller chooses to amend, he must allege **specific and true** facts to demonstrate that the Federal Public Defender and his court appointed attorney were not acting on his behalf in their roles as advocates, and how they were acting under the color of federal law.

**E. Linkage**

Under Section 1983, Miller must demonstrate that each Defendant personally participated in the deprivation of his rights.[25] In other words, there must be an actual

---

action against a municipality."); *see also Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996) (finding the Santa Clara Department of Corrections not a proper party defendant).

[24] *See Polk Cnty. v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Kirtley v. Rainey*, 326 F.3d 1088, 1093-94 (9th Cir. 2003) (a state-appointed guardian ad litem does not act under color of state law for purposes of § 1983); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (federal public defenders are not acting under color of federal law for purposes of a *Bivens* action).

[25] *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

connection or link between the actions of each of the Defendants and the deprivation alleged to have been suffered by Miller.[26]

Miller fails to plead specific facts to link Defendant U.S. Marshal Does 1 and 2 or Does 3, 7, 12, and 15–100 to any violation of his constitutional rights. Miller simply generally pleads that all Defendants knew that other inmates were sexually and physically abusing him and failed to intervene to protect him.

A general allegation without specific facts linking each named Defendant to some act or failure to act is insufficient to support a deliberate indifference claim. Miller was advised of this deficiency in the Court's prior screening order. Plaintiff added additional Defendants, but still fails to allege facts linking Defendant Does 3, 7, 12, and 15–100 to the violation of his rights. Miller's failure to correct this deficiency is reasonably construed as an inability or unwillingness to do so. Therefore, further leave to amend will be denied.

**F. Failure to Protect**

A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees.[27] Where, as here, a pretrial detainee is claiming that prison officials are liable for a breach of the duty to protect the detainee from attack by other inmates and detainees, the court should utilize Eighth Amendment standards.[28]

---

[26] *See Monell*, 436 U.S. at 691, 695.

[27] *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008); *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003).

[28] *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement."[29] Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.[30] They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates.[31]

To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.[32] "Mere negligence is not sufficient to establish liability."[33] Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety.[34] That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[35] The alleged actions or inactions of the Defendants must be measured against these standards.

Plaintiff alleges that he informed Defendant Does 1, 2, 4–6, 8, 9–11, 13 and 14 of the abuse, but that they disregarded his pleas and failed to take any steps to protect him

---

29 *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

30 *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

31 *Id.* at 833.

32 *Id.* at 834.

33 *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

34 *Farmer*, 511 U.S. at 837.

35 *Id*.

from the physical and sexual abuse. This is clearly sufficient at the pleading stage to state a viable cause of action.

Najera, the U.S. Marshal, who allegedly was aware of the alleged unsafe conditions existing in the Fresno County jail, may also be liable for the injuries Miller incurred. Significantly, Miller alleges that Najera received periodic reports regarding the abuse being inflicted upon Miller, yet did nothing to protect him. This is sufficient at this stage of the proceeding to warrant proceeding against Najera.

Enos, the Assistant U.S. Attorney, allegedly learned of the attacks through one of Miller's defense attorneys, but also failed to take any steps to protect Miller. Although it is unclear from the Second Amended Complaint, what duty, if any, the Assistant U.S. Attorney had or what action he could have taken to protect Miller from the abuse he suffered,[36] the Court cannot definitely state at this stage that Miller cannot truthfully allege a viable claim against Enos.

Miller also alleges that Sheriff Mims stood by and watched Miller get raped. Although the plausibility of this allegation may be questionable, again it survives screening.

**G. Medical Indifference**

A pre-trial detainee's claim for deliberate indifference to medical needs derives from the due process clause rather than the Eighth Amendment's protection against cruel and

---

[36] In particular because Miller also alleges that the trial judge was aware of the circumstances.

unusual punishment.[37] However, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes."[38]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs."[39] This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent."[40]

Miller fails to allege sufficient facts to state a claim against any of the Defendants. In particular Miller fails to link any particular Defendant to this claim. He generally alleges that he was to receive follow-up treatment, but was never taken back to the hospital, and as a result his injuries worsened. Miller was also previously advised that he could not bring his claim for medical indifference in the same cause of action as his failure to protect claim.[41] For these reasons, Miller will not be granted leave to amend this claim.

---

[37] *Gibson*, 290 F.3d at 1187 (*citing Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

[38] *Id*.

[39] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[40] *Id.* at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)).

[41] *See* Fed. R. Civ. P. 20(a)(2) (unrelated claims against different defendants should be brought in separate suits).

**H. Federal Tort Claims Act – rape, sexual assault, battery, and abuse**

The FTCA,[42] "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees."[43] The FTCA provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment.[44] The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated.[45]

The United States is the only proper defendant in a suit brought pursuant to the FTCA.[46] "A claim against [a federal agency] in its own name is not a claim against the United States."[47] Nor is an agency a proper defendant under the FTCA.[48]

Under the FTCA a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial

---

[42] 28 U.S.C. §§ 1346(b), 2671–2680.

[43] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[44] 28 U.S.C. § 1346(b)(1).

[45] 28 U.S.C. § 2674.

[46] *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

[47] *Kennedy*, 145 F.3d at 1078.

[48] *Craft*, 157 F.3d at 706 (*citing Shelton v. United States Customs Serv.*, 565 F.2d 1140, 1141 (9th Cir. 1977)).

of the claim.[49] This administrative exhaustion requirement is mandatory and jurisdictional;[50] and must be affirmatively alleged in the complaint.[51]

California law controls the substantive elements of a tort claim under the FTCA.[52] Under California law, a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act of omission."[53]

For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm.[54] For battery, a plaintiff must show "that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss, or harm to the plaintiff."[55]

---

[49] 28 U.S.C. § 2401(b).

[50] *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

[51] *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

[52] *See* 28 U.S.C. § 1346(b)(1); *Delta Sav. Bank v. U.S.*, 265 F.3d 1017, 1025 (9th Cir. 2001).

[53] Cal. Gov't Code § 844.6(d).

[54] *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007).

[55] *Id.*

The elements of a claim for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."[56] Conduct is outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community."[57]

Miller alleges in a purely conclusory fashion that he timely filed a claim under the FTCA. Since exhaustion must be alleged in the complaint, Miller must allege facts to support this conclusion.[58] As presently constituted Miller's Second Amended Complaint fails to allege the elements for each tort that he wishes to bring under the FTCA. Miller also alleges torts of "sexual enslavement and abuse," "sexual rape," "sexual gang rape," and "intentional infliction of HIV and AIDS." Under the facts of this case the Court finds no alleged facts to support the existence of such torts, in particular as against the Defendants. Because the Court cannot definitely state he cannot alleges such facts, Miller will be granted leave to amend.

---

[56] *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (*quoting Tekle*, 511 F.3d at 855).

[57] *Id*. (*quoting Tekle*, 511 F.3d at 856).

[58] *See McNeil*, 508 U.S. at 113.

**I. Conspiracy**

Miller alleges that Defendants conspired to commit the above constitutional violations against him. The elements of a conspiracy are twofold: (1) an agreement or meeting of the minds to violate constitutional rights; and (2) an actual deprivation of those rights.[59] Miller's vague and conclusory allegations of a conspiracy are patently insufficient.[60] Although it is highly unlikely that Miller can truthfully plead the elements of a conspiracy among the Defendants, or any of them, the Court cannot definitely state at this stage that Miller cannot. Accordingly, the conspiracy claim will also be dismissed with leave to amend.

**J. Fourth Amendment**

Miller alleges that Defendants violated his Fourth Amendment rights. "The Fourth Amendment prohibits only unreasonable searches" and seizures.[61] The reasonableness of a search or seizure is determined by the context, which "requires a balancing of the need for the particular search [or seizure] against the invasion of personal rights that the search [or seizure] entails."[62] For the Fourth Amendment to apply there must be a

---

[59] *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)).

[60] *See Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that conclusory allegations are insufficient to state a claim of conspiracy); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (same)

[61] *Bell*, 441 U.S. at 558 (*citing Carroll* v. *United States*, 267 U.S. 132, 147 (1925)); *Byrd v. Maricopa Cnty. Sheriff's Dep't.*, 629 F.3d 1135, 1140 (9th Cir. 2011).

[62] *Bell*, 441 U.S. at 559.

"reasonable expectation of privacy in the place that is invaded."[63] Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."[64]

Miller fails to allege any facts to suggest that any of the Defendants themselves personally used excessive force against him so as to constitute a violation of the Fourth Amendment,[65] or that any of the Defendants were other than mere bystanders.[66] Although it is highly unlikely that Miller can truthfully allege a viable Fourth Amendment claim against any of the Defendants, Miller will be granted leave to amend. Miller is reminded that he cannot state an unrelated Fourth Amendment claim against unrelated Defendants in the same cause of action as his failure to protect claim.[67]

**K. DOE DEFENDANTS**

As a general rule, the use of "John Doe" to identify a defendant is not favored.[68] "[W]here the identity of alleged defendants will not be known prior to the filing of the complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants."[69] Dismissal for failure to identify unnamed defendants is appropriate

---

[63] *Espinosa v. City and Cnty. of San Francisco*, 598 F.3d 528, 533 (9th Cir.2010); *see Hudson v. Palmer*, 468 U.S. 517, 525 (1984).

[64] *Bell*, 441 U.S. at 559; *Byrd*, 629 F.3d at 1141.

[65] *See, e.g. Fontana v. Haskins*, 262 F.3d 871, 880–81 (9th Cir. 2001).

[66] *See Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004).

[67] *See* Fed. R. Civ. P. 20(a)(2).

[68] *See Wiltsie v. Calif. Dept. of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968).

[69] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

only if "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."[70] In this case, Miller will be given a reasonable opportunity during the course of these proceedings to ascertain the true identity of those "Doe" Defendants against whom he has otherwise plausibly pleaded a viable cause of action.

## IV. ORDER

The Second Amended Complaint as against the Fresno County Sheriff's Department, Does 3, 7, 12, and 15 through 100, inclusive, and the deliberate medical indifference claim are **DISMISSED** without leave to Amend.

The Second Amended Complaint as against Defendants United States, Albert Najera, Melanie Walcott, Katherine Hart, Brian W. Enos, Margaret Mims, and Does 1, 2, 4–6, 8–11, 13, and 14 is hereby **DISMISSED**, with leave to amend consistent with this Order.

Plaintiff is granted through and including **Monday, November 23, 2015,** within which to file a Third Amended Complaint.

In amending his Complaint Miller should carefully read this Order and focus on curing the deficiencies noted in Part III, above. In addition, Miller must:

1. Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a), which provides—

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

---

[70] *Id.*

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2. With respect to each claim plead without legal argument or citation to authority the facts entitling him to relief: (1) the identity of the person doing the act; (2) description of the act and the date it occurred; (3) the harm/injury suffered as a result; and (4) the specific relief requested, e.g., amount of monetary damages.

3. Sequentially number paragraphs, and attach copies of all documents referred to in the body of the complaint to the extent that copies of such documents are within his possession, custody, or control.

4. With respect to his Federal Torts Claim Act claims affirmatively plead that he has exhausted his available administrative remedies or was prevented by circumstances beyond his control from exhausting his administrative remedies and, to the extent they are in his possession, custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

**In the event Plaintiff fails to file an amended complaint consistent with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.**

**IT IS SO ORDERED** this 5th day of October, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE