| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN R. MILLER,** | 1:12-cv-01288-LJO (PC) |
| **Plaintiff,** | **ORDER RE MOTION TO COMPEL AND MISCELLANEOUS REQUESTS (ECF NO. 61)** |
| v. | |
| **ALBERT NAJERA,** *et al.*, | |
| **Defendants.** | |

Pro se Plaintiff Steven Miller brings this case against Defendants, alleging failure to protect and deliberate indifference claims under the Eighth and Fourteenth Amendments. *See* ECF No. 32. The Discovery and Scheduling Order, issued February 1, 2017, set May 1, 2017 as the deadline for filing "[a]ll motions asserting failure to exhaust administrative remedies." ECF No. 41 at 3. On May 18, 2017, the Court held a Trial Scheduling Conference, ECF No. 58, during which Fresno County Counsel, Scott Hawkins, requested additional time to file any motion regarding exhaustion. Plaintiff, who appeared at the hearing telephonically, did not object, and the request was granted. Specifically, a dispositive motions deadline was set for September 5, 2017, *see* ECF No. 59, and the Court specifically indicated that motions regarding exhaustion would be permitted up to that date.

On July 31, 2017, Plaintiff filed a "Motion to Compel a Response for Failure to Meet Exhaustion Motion Filing Deadline . . . and Failure in Notification of Fresno Defendants Brief Statement From Telephonic Hearing." ECF No. 61. First, Plaintiff notes, correctly, that no Defendant filed any motion asserting failure to exhaust administrative remedies by May 1, 2017, the deadline set forth in the

February 1, 2017 Discovery and Scheduling Order. *Id*. at 1. He then asks the Court to compel Defendant to file "some sort of motion seeking the resolution of summary judgment" or "find the Defendants in procedural default and grant a Summary Judgment to Plaintiff under Federal Rules of Civil Procedure Rule 54(b)." *Id*. at 2. This request is **DENIED**. The relevant deadline for filing any motion regarding exhaustion was extended to September 5, 2017.

Second, Plaintiff appears to be suggesting that the Fresno County Defendants failed to file a "brief statement" prior to the trial setting conference held on May 18, 2017. *See id.* at 1. This is incorrect. The Fresno County Defendants did include a brief statement of the case within their scheduling conference statement filed in advance of the trial setting conference. *See* ECF No. 57 at 1-2. According to the proof of service, the document containing that brief statement was served on Plaintiff via United States mail at his address of record. *Id*. at 4. The Court therefore sees no basis for Plaintiff's request, which the Court **DENIES** as moot.

IT IS SO ORDERED.

Dated: **August 4, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE