| | |
|---|---|
| STEVEN R. MILLER,<br><br>           Plaintiff,<br><br>     v.<br><br>ALBERT NAJERA, *et al.*,<br><br>           Defendants. | 1:12-cv-01288-LJO<br><br>**MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR DEPOSITION (Doc. 65)** |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

Pro se Plaintiff Steven Miller brings this case alleging failure to protect and deliberate indifference under the Eighth and Fourteenth Amendments. Trial is scheduled for March 20, 2018, at 8:30 a.m. On August 23, 2017, Plaintiff filed the instant motion for leave to depose an incarcerated witness. CM/ECF Document No. ("Doc.") Doc. 65. Also on August 23, 2017, Defendants Margaret Mims, Rick Hill, and the County of Fresno (collectively "Defendants") filed an opposition. Doc. 66. Plaintiff did not file a reply within the seven days provided under Local Rule 230(l). The motion is deemed submitted. Because the discovery deadline in this case has already passed, and because Plaintiff has not shown good cause to permit the requested deposition, Plaintiff's request is DENIED.

## II. ANALYSIS

The Federal Rules of Civil Procedure govern the manner in which depositions may be taken, either by oral or written questions. Rule 30 of the Federal Rules of Civil Procedure governs the procedure by which depositions are taken by oral examination. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1).

"The party who notices the deposition must state in the notice the method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear costs of recording the deposition. *Id*. In addition, that party must arrange for an officer to conduct the depositions (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A).

Depositions by written questions must be taken pursuant to the procedures set forth under Federal Rule of Civil Procedure 31. *Harrell v. Jail,* No. 2:14-cv-1690-TLN-CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11, 2015). (quoting *Brady v. Fishback*, No. 1:06-cv-00136-ALA (P), 2008 WL 1925242, at *1-2 (E.D. Cal. April 30, 2008). In forma pauperis status does not entitle a party to a waiver of any of the costs associated with this form of deposition; instead, the party must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript. *Id*. (citations omitted).

Discovery in this matter closed on July 1, 2017. Doc. 41. Plaintiff's request to depose David Zastrow is therefore untimely. Plaintiff has not shown that there were any special circumstances which would constitute good cause for his failure to meet the discovery deadline, or to show that he has taken any steps to complete the deposition in a timely manner. The Court therefore finds that Plaintiff has not shown good cause to reopen discovery for Plaintiff to depose Mr. Zastrow.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: **September 6, 2017**      **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE