# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN R. MILLER,** | **1:12-cv-01288-LJO** |
| **Plaintiff,** | **ORDER DENYING PLAINIFF'S MOTION FOR LEAVE TO DEFEND SUPERVISORY CLAIMS (Doc. 84) AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO REPLY (Doc. 85)** |
| **v.** | |
| **ALBERT NAJERA,** *et al.,* | |
| **Defendants.** | |

Pro se Plaintiff Steven Miller brings this case alleging failure to protect and deliberate indifference under the Eighth and Fourteenth Amendments. On September 5, 2017, Defendants filed a motion for summary judgment. Doc. 70. On November 27, 2017, Plaintiff filed an opposition to the motion for summary judgment. Doc. 83. On December 1, 2017, Plaintiff filed a motion for leave to defend Plaintiff's [*sic*] supervisory claims. Doc. 84. Plaintiff seeks to add to his complaint new claims under 42 U.S.C. §§ 1985(2)-(3) and 1986, and the Fifth Amendment to the United States Constitution. Doc. 84. The Court construes Plaintiff's motion as a motion for leave to amend his third amended complaint. Doc. 32.

Defendants filed an answer to Plaintiff's third amended complaint on January 30, 2017. Doc. 39. The deadline to amend the pleadings in this matter was June 1, 2017. Doc. 41. Discovery in this matter closed on July 1, 2107. Doc. 41. This matter is set for trial on March 20, 2018. Doc. 59. The time allotted for Plaintiff to amend his complaint as a matter of course under Federal Rule of Civil Procedure ("Rule") 15(a)(1) has long since expired. Under Rule 15(a)(2), amendment is permitted "only with the opposing party's written consent or the court's leave." Defendants oppose Plaintiff's motion. Doc. 85.

Therefore, the Court must consider whether leave to amend is in the interest of justice.

Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), and "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). There is no evidence of bad faith, or any degree of certainty that amendment would be futile. Granting leave to amend at this late hour, with discovery closed, a motion for summary judgment filed, and a rapidly approaching trial date would cause undue delay, however, and create undue prejudice to Defendants. Plaintiff has had multiple opportunities to amend, and moreover the clearly established deadline to amend pleadings of June 1, 2017, has long since passed. Plaintiff has not offered any specific explanation why he did not include the claims he now seeks to assert in his prior complaints, or why leave to amend should be granted. For the foregoing reasons, the Court finds that granting Plaintiff's request for leave to amend is not in the interest of justice, and Plaintiff's motion is DENIED.

On December 4, 2017, Defendants filed a declaration requesting an extension of time to reply to Plaintiff's opposition. Doc. 85. In light of Defendants' representations regarding their receipt of Plaintiff's opposition, the complexity of the pending motion for summary judgment, and the extensions previously granted to Plaintiff, the Court finds good cause to GRANT Defendants' requested extension. Defendants shall file any reply on or before December 15, 2017. Defendants should be aware, however, that no further extension will be permitted on account of the pending trial date.

IT IS SO ORDERED.

Dated: __**December 5, 2017**__          _____**/s/ Lawrence J. O'Neill**_____
                                                              UNITED STATES CHIEF DISTRICT JUDGE