# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT NAJERA, et al.,<br><br>Defendants. | 1:12-cv-01288-LJO-<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 94) |

## I. <u>INTRODUCTION</u>

On December 26, 2018, Plaintiff Steven Miller filed the instant motion for reconsideration. ECF No. 94. On December 21, 2017, the Court dismissed Plaintiff's claims against the County of Fresno for alleged failure to protect and deliberate indifference while Plaintiff was housed at the Fresno County Jail because Plaintiff had not fully exhausted the administrative remedies available at that facility. ECF No. 92 at 9-10. The dismissal was without prejudice, *id.* at 13, judgment was entered, and this case was closed. ECF No. 93. Plaintiff now argues that the Court should reconsider the dismissal, and re-open his case, because Plaintiff has filed J-105 grievance forms with the Fresno County Jail on October 25, 2018. ECF No. 94 at 3. Plaintiff was not aware during the pendency of his case that the grievance process was the appropriate means to redress his injuries, but he has now taken steps to pursue administrative remedies. He therefore asks for relief from judgment in his case under Federal Rule of Civil Procedure 60(b)(1) due to his "mistake, inadvertence, surprise, or excusable neglect" in not exhausting before filing his suit.

1

It appears from Plaintiff's representations that his failure to exhaust administrative remedies in the first instance was due to confusion or a misunderstanding, rather than an attempt to avoid the administrative processes in place at the Fresno County Jail. Nevertheless, there is no basis for the Court to grant relief under Rule 60. The Prison Litigation Reform Act requires that administrative remedies be exhausted before a prisoner may bring an action challenging prison conditions in federal court. 42 U.S.C. § 1997e(a). Courts may not craft exceptions to this requirement. *Ross v. Blake*, 136 S.Ct. 1850, 1856 (2016). Plaintiff has not represented to the Court that the administrative remedy process at Fresno County Jail has been exhausted, only that he has initiated it by filing J-105 forms. He has not offered any reason to conclude that administrative remedies have been made unavailable to him. Even if the administrative process were in fact complete, the appropriate course of action would be for Plaintiff to file a new complaint, not for the Court to reopen his prior case. "[A] district court must dismiss a case without prejudice 'where there is no presuit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F. 3d 1164, 1170 (9th Cir. 2005). Plaintiff's failure to exhaust his remedies before filing this case, however understandable, requires dismissal. His remedy is to refile his complaint after exhausting the Fresno County Jail's administrative process. The Court simply does not have the legal authority to reopen Plaintiff's case.[1]

## II. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **January 15, 2019**        /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Plaintiff appears to have some concerns that the statute of limitation on his claims will expire while he pursues administrative remedies. *See* ECF No. 94 at 6. It is well established "that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

2